_ , The Opinion of the Court. — M’Millen was complainant in the court below, claiming under the follow-'mS entry: “ December 11th 1782, William Hoy enters three thousand acres of land, adjoining Edward Williams’s pre-emption on Lullbegrud, on the east and southeast, to run east and south-east for quantity.”
Williams 6 pre-emption was granted to him by the commissioners for an actual settlement in the month of June 1779 — “ Lying on the dividing ridge of Small Mountain creek, a branch of Licking creek, and Lull-begrud, including the said settlement.” This certificate pre-emption entitled the owner to a warrant of 400, acres, at the state price ; which warrant was located on jhe 24th of May 1780, in these words — “ Edward Wil-hams enters 400 acres upon a pre-emption warrant, ly~ ing on or near the head branches of Lullbegrud, including a cabin.”
The appellees had judgment in ejectment, upon the elder grant, obtained by force of an entry of Nicholas proctor, in 1783 ; and they rely upon the strength of ^ ¡grant. The circuit court established the ap-petlanrs entry, as valid j directed the manner at survey *495 ing; and entered a decree for the complainant, for ia much of the defendants’ claim as was common to the actual survey made for the complainant, and that ordered fey the court.
When an entry does notde* fignate the figure in which it is to be furvey-ed, it fhould be a fquare to the cardinal points.
The manner of furveying an entry which calljS to adjoin a fquare to tie cardinal points, on the eaft and fouth-eaft, and to run eaft and fouth-eaft for quantity.
The complainant being dissatisfied with the construction given to his entry, appealed to this court j and has assigned error only as to that construction-.
The first essential, is, to ascertain the locality of Williams’s pre-emption. As this was granted for ab actual settlement, subsequent to the first day of January W78, it was by law attached to such settlement, and to include it. This was his right of pre-emption, and ifhe departed from it in his entry with the surveyor, such entry gave him no claim to pre-emptive privileges. On the'24th of May 1780, Williams was not permitted by law to enter his pre-emption warrant on any vacant land, without regard to his settlement; and if he did so, it cannot be said he had a pre- emptive right to such land. Sis settlement, where he built his cabin, fenced, and planted corn, ⅛ well identified, and ought,prima facia, to be presumed t® have be ett notorious ; and this presumption is fortifed by the evidence.
Whether Williams’s entry shall be attached to his cabin, or to some other of the cabins in that neighborhood, has been questioned in argument. The call is for a cabin. There is nothing in thte entry which evinces an intention to abandon his settlement, and the dignity of his claim. Every thing in the entry, may Weil stand With the requisition of thelaw, “to include his settle-mentand it would seem rigid to give, without clear indication, such construction to the entry, as to change the claim from a pre-emption, to a mere treasury right, or to worse ; sed benigno interpretañda sunt, verba hi-COrum.
Yet if so unfavorable a construction were to be given to the entry, still Williams’s “ pre-empfionn Would remain as before, not being permitted by law, at that time, to be detached from his settlement. This is a strong feature, distinguishing the case-from those of pre-emp-tions, appendant to other actual' settlements, having no locality until entered with the surveyor ; and irt the mean time, itinerant about the settlement claim. And such were the cases, in the general, cited by the appel-lees. The case of Bryant and Owings vs. Wallace, *496 (Hughes’s Rep. 194 to 210) was a pre-emption of 1000 acres, granted for marking and improving only. Bryant* in his entry with the surveyor, expressed that his land should lie “ on a branch of Elkhorn, and about four and a half miles southwardly of Bryant’s station.”,. Omitting altogether, to call for any improvement. The improvement which he claimed, was, in fact, nothing but the, cutting of the letters D. B. on a tree in the woods!
The entry was made in 1783, after the privilege of locating on any vacant land, had been expressly given by law. The correct principles of that decison, are clearly explained by the court, in pages 209, 210, of the reported case, as follows : , .
“ The late supreme Court, in the suit Consilla vs. Briscoe, adjudged that because z. settlement right could not be removed from its original location, and the certificate for which being recorded in the surveyor’s office^ where the entry thereon was made, they ought to be taken together, or be allowed to explain eaph other ;, and another reason, with great propriety, might have been added, that the law did not point out in wThat manner such entry should be made. But in the case of a prel emption right, granted for an improvement, it is believed no such opinion has ever been given ; and if there had, it could not be supported by law or equity, the case being evidently different from that of settlement rights. And the entry under consideration, being made subsequent to the passage of the act of 1782, permitting preemption warrants to be located on vacant lands, it would be highly absurd, that the location with the commissioners, and the entry with the surveyor, should be taken together, when the claimant himself, might have made, and intended a discordance between them. Therefore, iii all such cases, it can only be proper to resort to the location with the commissioners, and compare it with the entry with the surveyor, for the purpose of discovering the dignity of the claim.”
In that case, the course from Bryant’s station did not lead near the marked tree ; there was not only a deficiency of proof on the part of Bryant, as to any acquired notoriety of his improvement; but, on the contrary, the obscurity of the tree and marking, was proved, and the Want of notoriety, expressly found by the jury, in the strongest terms. And, notwithstanding, the question *497 Vis, whether Bryánt should not be permitted to have Ibis pre-emption ? On either ground, therefore-, Bryant’s entry was properly declared insufficient to give notice to other holder's of warrants, as to the land intended, 1st, because his improvement had no notoriety,, if it had been called for ; and, 2dly, the description in the entry, did not lead within any reasonable distance frorii the improvement.
Williams’s certificate was hot, by law, to be recorded With the surveyor ; but his pre-emption did not depend upon the description which he might choose to give in his entry with the surveyor. His cábin akid improvement were sufficiently notorious ; they áre ill the neighborhood described in his entry ; he was not permitted; by law, to depart from his settlement ; or if he did, it Was no pre-emption.
As the entry is not calculated to give any other figure to the survey, than that which would be given by the certificate, it must belaid down with lines to the cardi-. nal points, with the cabin equidistant from the angles pf the square, as directed by the circuit court; and, thus; to be considered, as called for, as Edward William’s preemption.
The manner in which the circuit court have directed the claim of the appellants to be adjoined to Williams’s, according to the expressions, “ On the soüth-east,” is objectionable, in this — that it gives the claim the same position as if the expressions had been, to join on the east and South, ándto run east and south-east for quantity j for they have caused it to be adjoined to the whole extent of the southern boundary;
It was urged in argument, bn behalf of the appellees; that the claim should first be laid down, aS if the call had been to join Williams on the east ; which, in such case, Would have produced a square, upon the base E. S; iri the annexed diagram, fig. 2 ; then by laying down the claim, as if the call had been to join on . the south-east only, which would have given the square figure represented on the base R. P;; and then, that from the point R. an east line should be extended, and from the point Pi a south-east line, &c; This argument is bottomed Upon the rules of construction established, to find the angles of a survey, where the locator himself, has not contradicted the supposition, that he intended it to be *498 in a square, that being the most apt and simple figure for a survey. But in this entry, the locator has expressly given courses which are incompatible with a square.
But this principle, if traced to its extent, would end in this, that if an entry calls to adjoin another claim, which lies in a square, with lines to the cardinal points qp the south-east and south-west, the claim would be surrounded to a greater extent, than if the calls had been, to adjoin on the east, south, and west; in fact, the unreasonable base R. A. B. D. F. H. in fig. 2, would be the consequence of such a construction. But the rule by which the adjoining claim has been extended beyond the lines and corners of the adjoined claim, has not been applied, within the recollection of the court, except to cases where a large claim calls to adjoin a smaller, on a single line or side. As the properties of a square give a very convenient figure to that location, in particular, and leaves the adjacent residuum, to be taken in like convenient shape by others, they have, in such cases, been applied, in the absence of the other directions, to prevent the unreasonable length which might otherwise be produced, where a great disparity in the relative proportions of the two claims, existed. Such unreasonable figure, ought not to be presumed to have been intended, where the locator has not expressly directed it. But where one claim called to adjoin another on two sides, (as the case of Kennedy, &c. vs. Payne, &c.) (a), the lines have not been extended, to give a base beyond the lines of the claim called for. In such case, the ad-junction of two sides, corrects and prevents the running of the land into a mere riband ; which might otherwise be produced. The location now under consideration, appears to belong to this latter class.
It is admitted that if a solitary call for joining on the south-east, had been used, (as in the case of Crow's heirs vs. Harrod's heir) (b),the base ought tobe taken equally from the angle at B. on the eastern and southern boun-clary. The antithesis to south-east, is north-west, and they are the only divisions ofthe claim suggested in such case, by the adjoining entry. But in the present case, east is opposed to west, and south-east to south-west ; and the courses given by the locator, are inconsistent with the relative proportions and properties of a square. Upon an inspection of fig. 1, it will be evident, that .all *499 the space between C. and I. may be said, without violation of terms, to be south-east of Williams’s pre-emption. Thus, all the calls united, must be taken, to find the intention, for juncta juvant ;■ and we ought not to disjoin the calls of an entry, and consider each upon abstract-principles.
We are, therefore, of opinion, that the decree of the circuit court is erroneous, in assuming the south-west corner of Williams’s pre-emption, as the point from whence to extend the south-east line ; and also in directing the lines to be run an equal distance on the east and south-east courses, instead of terminating them by a parallel to a line from the respective points of their commencement.
Wherefore, it is considered by the court, and accordingly decreed and ordered, that the said, decree of the circuit court, be reversed, annulled, and set aside ; that the suit be remanded to the circuit court, with directions to enter a decree for the appellant, as having the better equitable claim to so much land within his original survey's shall fall within his entry, when surveyed as herein after directed ; and that the appellees, by deed, to be executed, as the said court shall appoint, do release to the appellant, all their claim, under the elder grant derived by the survey made for Nicholas Proctor, for so much land as shall be found to be common to the original survey, and to the entry of the appellant, surveyed agreeable to the directions of this decree : and to ascertain the land so to be released and conveyed, the said entry of William Hoy, must be adjoined to said Williams’s pre-emption, as Aer«’« before, directed ; and from the north-east corner of'said pre-emption, extending an east line ; and from the point on the southern boundary of the pre-emption, which shall be equidistant from the south-eastern and south-western comers, extending a line south 45 degrees east, until aline fronvone of these projecting lines to the other, and parallel to a line drawn from the north-eastern corner of the pre-emption, ta,the bisection of the southern boundary, as aforesaid, will include the quantity of land entered.
An illustration of the figure to be given to the survey, ⅛ seen in fig. 1, on the diagram subjoined, and represented by sA. I. B. C. X. Y. The triangle A. B. C. re *500 presents thé part of Williarns’s pre-emption to be aAs
And that the said court cause ⅝ survey tp be made,.tq ascertain the said interference,' and land to be released, by metes and bounds, and do such other things as may be necessary to effectuate the decree, and according to; equity and the laws of the land. Which is ordered tq be certified to said court,

A. B. D. E. — Williams’s 400 acres, with his cabiq ⅛ the centre.
A. I. B C. X. Y.- — The appellant’s claim of three thousand acres, as directed by the decree of the court appeals*

*501

 Ante 10.

 Ante 435.